**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

'08 OCT 14  PM 4:01

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

| | |
|---|---|
| John Murphy, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| Midland Credit Management, Inc., a | ) **1:08-cv-1392 WTL-JMS** |
| Kansas corporation, and Midland | ) |
| Funding, LLC, a Delaware limited | ) |
| liability company, | ) |
| | ) |
| Defendants. | ) Jury Demanded |

## COMPLAINT

Plaintiff, John Murphy, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that the Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.    Plaintiff, John Murphy ("Murphy"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Bank of America, N.A., but now allegedly owed to Midland Funding, LLC.

4.     Defendant, Midland Credit Management, Inc., is a Kansas corporation ("MCM"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Defendant MCM was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Murphy.

5.     Defendant, Midland Funding, LLC, is a Delaware limited liability company ("Midland Funding"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Defendant Midland Funding was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Murphy.

6.     Defendants Midland Funding and MCM are sister corporations. Midland Funding is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect via collection agencies, like Defendant MCM, and a nationwide network of local lawyers. The debts Midland Funding buys are often so old that they are beyond the statute of limitations, and often Midland Funding often has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt".

2

## FACTUAL ALLEGATIONS

7.    Mr. Murphy fell behind on paying his bills.  On such bill he was unable to pay was a debt allegedly owed to Bank of America.  Accordingly, the account became delinquent on December, 2001, and was charged-off on May 22, 2002.

8.    On November 26, 2007, another dent scavenger, CACV of Colorado, LLC, sued Mr. Murphy to collect on this delinquent Bank of America debt in a matter styled <u>CACV of Colorado, LLC v. John Murphy</u>, No. 49D03-0711-CC-50056 Marion County, Indiana); however, due to the fact that it was unable to prove that the debt was owed, the lawsuit was dismissed on April 3, 2008.

9.    On May 22, 2008, Mr. Murphy's Bank of America debt became time-barred due to Indiana's six-year statute of limitations, pursuant to Ind. Code § 34-11-2-9 for such debts.

10.    Nonetheless, CACV of Colorado, LLC, apparently sold the account to Defendant Midland Funding who, through its agent Defendant MCM, then demanded in an initial collection letter, dated September 21, 2008, that Mr. Murphy pay them for his Bank Of America debt that Defendant Midland Funding now allegedly owned.  The Defendants collection letter also threatened to sue Mr. Murphy if he did not pay the debt.  A copy of the letter is attached as Exhibit <u>A</u>.

11.    All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

12.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  <u>See</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

3

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## False Statements

13.    Plaintiff adopts and realleges ¶¶ 1-12.

14.    Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2); and, the threat to take any action that cannot be legally taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

15.    Defendants' violated § 1692e of the FDCPA by, including, but are not limited to:

A)    falsely threatening to file a lawsuit against Mr. Murphy without documentary proof that the debt is owed;

B)    demanding payment of a debt as to which they have no documentary proof that it is owed;

C)    falsely threatening to file a lawsuit on a time-barred debt; and,

.D)    demanding payment on a time-barred debt.

16.    Defendants' violations of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

17.    Plaintiff adopts and realleges ¶¶ 1-12.

4

18.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  See, 15 U.S.C. § 1692f.

19.    Defendants' violated § 1692f of the FDCPA by, including, but not limited to:

A)    threatening to file a lawsuit against Mr. Murphy without documentary proof that the debt is owed;

B)    demanding payment of a debt as to which they have no documentary proof that it is owed;

C)    threatening to file a lawsuit on a time-barred debt; and,

.D)    demanding payment on a time-barred debt.

20.    Defendants' violations of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, John Murphy, prays that this Court:

1.    Declare that Defendants' collection practices violate the FDCPA;

2.    Enter judgment in favor of Plaintiff Murphy and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;  and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, John Murphy, demands trial by jury.

John Murphy,

By:
One of Plaintiff's Attorneys

Dated:  October 13, 2008

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)
shalbertlaw@aol.com